

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. B. B. Sapp
Director and Executive Secretary
Teachers Retirement System of Texas
Austin, Texas

Dear Madam:

Opinion No. O-4841
Re: Establishment of prior serv-
ice credit and collection
of contributions of teachers
who are delinquent in pay-
ments to Teacher Retirement
System of Texas

This is to acknowledge receipt of your request for
an opinion of October 22, from which we quote:

"I will appreciate your department giving an
opinion concerning the following situations:

Teachers who have been teaching since
1937-38 school year but did not sign
waivers and have not contributed, and
now by virtue of their positions are
being forced to make contributions to
the Retirement System on all future
salaries.

Teachers who established membership in
the 1938-39 school year and refused to
make further contributions (any teacher
establishing membership before June 9,
1939, who teaches five consecutive years,
may establish their prior service).

Librarians, office employees, et cetera,
who through lack of understanding of the
law did not know they were occupying eli-
gible positions, and are now being forced
to make contributions on all future sala-
ries.

Mrs. B. B. Sapp - Page 2.

"My questions are:

If the teachers in the above groups pay
all of the delinquent deductions, can
they establish prior service?

If the answer is yes, will the payment
of the delinquent deductions be compul-
sory or voluntary?

If the payment of the delinquent deduc-
tions is compulsory, will the individual
teacher or the reporting official be held
responsible?

"In many instances the teacher has been trans-
ferred from one district to another and the loca-
tion of the original reporting official is unknown."

Section 3 of the Teacher Retirement Act, (Vernon's
Annotated Civil Statutes, Art. 2922-1) provides:

"(1)  All persons who are teachers on the date
as of which the Retirement System is established
shall become members as of that date as a condi-
tion of their employment unless within a period of
ninety (90) days after September 1, 1937, any such
teacher shall file with the State Board of Trustees
on a form prescribed by such Board, a notice of his
election not to be covered in the membership of the
System and a duly executed waiver of all present
and prospective benefits which would otherwise
inure to him on account of his participation in
the Retirement System.

"(2)  Beginning September 1, 1938, and there-
after any teacher teaching for the first time in
Texas shall become a member of the Retirement Sys-
tem as a condition of his employment.

"(3)  Should any member in any period of six
(6) consecutive years after becoming a member be
absent from service more than five (5) years, or
should he withdraw his accumulated contributions,
or should he become a beneficiary, or upon death,
he shall thereupon cease to be a member.

Mrs. B. B. Bapp - Page 3.

"(4) Any teacher who elects not to become a member of the Retirement System as herein provided as of September 1, 1937, and the ninety (90) days next following, may make application to become a member at the beginning of any new school year, but without claim for prior-service credit.

"(5) Anyone who has taught in the State of Texas in accordance with the terms of this Act, but who is not in service during the year in which the Act becomes effective, shall, if he becomes a teacher within two (2) years of the date on which this Act becomes effective, and if he continues as such for a period of five (5) consecutive years, be entitled to receive credit and resulting benefits for prior-service as provided for in this Act."

Section 1 defines "prior service" as follows:

"(9) 'Prior service' shall mean service rendered prior to the date of establishment of the Retirement System."

Under Section 3 teachers who were given an election were expressly required to exercise it within 90 days after September 1, 1937, otherwise they became members as a matter of law and as a condition of their employment. Once a teacher becomes a member he cannot withdraw from membership in the System except to cease being a teacher, to die, or be retired with a disability benefit, or to be retired on account of age with such annuity or other benefit as is selected by such teacher. Attorney General's Opinion dated September 22, 1937, addressed to Hon. Mortimer Brown, Executive Secretary, Teacher Retirement System; O-1530.

The Act clearly contemplates that persons who were teachers when the System was established and who did not exercise their election not to become members should be entitled to prior service. Persons who had taught in Texas but who happened not to be teaching during the first year of operation of the System were provided for in paragraph 5 of Section 3 so that if they became members within two years and continued for a period of five consecutive years they would have the benefit of their prior service and "be entitled to receive credit and resulting benefits for prior-service as provided for in this Act."

Mrs. B. B. Sapp - Page 4.

Section 8 contains the following provisions:

"The amount contributed by each teacher to the Retirement System shall be five (5) per centum of the regular annual compensation paid each member, the amount not to exceed One Hundred and Eighty Dollars ($180) per annum. After such time as the State shall have contributed to the Retirement System a sum equivalent to the sum of all amounts which have then been contributed by the members of the Retirement System, the amount contributed by the State of Texas to the Retirement System thereafter shall not exceed during any one year five (5) per centum of salaries of all members, disregarding salaries in amounts in excess of Three Thousand, Six Hundred Dollars ($3,600), provided the total amount contributed by the State during any one (1) year shall at least equal the total amount contributed during the same year by all members of the Retirement System.

". . . .

"1. The Teacher Saving Fund.

"(a) The Teacher Saving Fund shall be a fund in which shall be accumulated regular five (5) per centum contributions from the compensation of members, including current interest earnings. Contributions to and payments from the Teacher Saving Fund shall be made as follows:

"(b) Each employer shall cause to be deducted from the salary of each member on each and every pay roll of such employer for each and every pay roll period, five (5) per centum of his earnable compensation, provided that the sum of the deductions made for a member shall not exceed One Hundred and Eighty Dollars ($180) during any one (1) year. Deductions shall begin with the first pay roll period of the school year 1937-38. . . .

"(c) The deductions provided for herein shall be made notwithstanding that the minimum compensation provided for by law for any member shall be reduced thereby. Every member shall be deemed to

Mrs. B. B. Sapp - Page 5.

consent and agree to the deductions made and pro-
vided for herein and shall receipt for his full
salary or compensation, and payment of salary or
compensation, less said deduction, shall be a full
and complete discharge and acquittance of all claims
and demands whatsoever for the services rendered by
such person during the period covered by such pay-
ment, except as to the benefits provided under this
Act. The employer shall certify to the State Board
of Trustees on each and every pay roll, or in such
other manner as said Board may prescribe, the
amounts to be deducted; and each of said amounts
shall be deducted, and when deducted shall be paid
into said Teacher Saving Fund, and shall be cred-
ited, to the individual account of the member from
whose compensation said deduction was made.

". . . .

"6. Collection of Contributions.

"(1) The collection of members' contributions
shall be as follows:

"(a) Each employer shall cause to be deducted
on each and every pay roll of a member for each and
every pay roll period subsequent to the date of
establishment of the Retirement System the contri-
butions payable by such member, as provided in this
Act. Each employer shall certify to the treasurer
of said employer on each and every pay roll a state-
ment as vouchers for the amount so deducted.

"(b) The treasurer or proper disbursing officer
of each employer on authority from the employer shall
make deductions from salaries of teachers as provided
in this Act, and shall transmit monthly, or at such
time as the State Board of Trustees shall designate,
a certified copy of the pay roll, and the amount
specified to be deducted shall be paid to the Execu-
tive Secretary of the State Board of Trustees, and
after making a record of all receipts, the said Board
shall pay them to the Treasurer of the State of Texas,
and by him be credited to Teacher Saving Fund, and
such funds shall be deemed as appropriated for use
according to the provisions of this Act. For the
purpose of collecting contributions of teachers who

Mrs. B. B. Sapp - Page 6.

are teaching in common school districts, the county superintendent or ex officio county superintendent of each county of this State is hereby designated to perform the duties of employer of all common school districts over which he has jurisdiction, and he is hereby authorized and empowered to retain the amounts so deducted from pay rolls of members and have a corresponding amount deducted from any funds available for paying teachers' salaries, and transmit same to the Executive Secretary of the State Board of Trustees as provided for in this Act. Any college or university or other educational institution or agency supported in whole or in part by the State shall have the amount retained or deducted from the funds regularly appropriated by the State for the current maintenance for such educational departments and institutions.

"(e) For the purpose of enabling the collection of five (5) per centum of the salaries of the members of the Retirement System to be made as simple as possible, the State Board of Trustees shall require the secretary or other officer of each employer-board or agency, within thirty (30) days after the beginning of each school year, to make up a list of all teachers in its employ, who are members of the Retirement System, set out their salaries by the month and by the year, make an affidavit to the correctness of this statement, and file the same with the Executive Secretary of the State Board of Trustees of the Teacher Retirement System. If additions to or deductions from this list should be made during the year, such additions or deductions shall likewise be certified under oath to the State Board of Trustees of the Teacher Retirement System."

Section 10 reads as follows:

"Any person who shall knowingly make any false statement or shall falsify or permit to be falsified, any record or records of this Retirement System in any attempt to defraud such System as a result of such act shall be guilty of a felony, and shall be punished as provided for under the laws of Texas. Should any change or error in the records result in

Mrs. B. B. Sapp - Page 7.

any member or beneficiary receiving from the Retirement System more or less than he would have been entitled to receive had the records been correct, the State Board of Trustees shall correct such error, and so far as practicable, shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid."

From the foregoing it is clear that:

1. When a person becomes a member of the System under the conditions set out in the statute entitling him to prior service, his right to prior service attaches to his membership by virtue of and under the conditions set out in the statute.

2. Failure of an employer, or the proper officer upon whom the express duty is imposed, to deduct and forward the individual contributions to the Secretary of the State Board of Trustees is not by the statute a permissible or recognized means of withdrawing from membership and the obligation to account to the system continues.

3. The members' 5% contributions are not merely permitted but required to be deducted and forwarded to the proper state officials and when this is not done, but such money is paid to the individual teacher, such teacher receives compensation or money to which he is not entitled under the terms of the law, which must be read into his contract, and the employer or accounting officer who makes such unauthorized payment breaches an express statutory duty imposed upon him by law.

In answer to your questions, it is our opinion that teachers who would otherwise be entitled to establish prior service credit are not deprived of such right by reason of delinquency in making contributions or the failure or refusal of the proper accounting officials to perform their duties.

We are further of the opinion that the payment of contributions by members is not optional but is compulsory and when payment has been illegally made to a teacher, such teacher would be primarily liable to account to the Retirement System for the moneys illegally received by him and diverted from the Teacher Saving Fund.

Mrs. 3. B. Sapp - Page 8.

The facts and circumstances will no doubt vary in individual cases. In some cases there may, in addition, be personal liability on the part of the accounting official, and if said accounting official is under the law required to post an official bond, such liability may attach to the bond.

APPROVED FEB 6, 1948

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Cammack
Assistant

CCC:JP


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN